## HAYS *v.* WALKER.

*Held*, that if a promissory note for 350 dollars, made by *A.* to *B.* without consideration, and indorsed by the latter, for the purpose of procuring money on it, was purchased of them by *C.*, with notice of the facts, for 300 dollars, the transaction was usurious.

*Held*, also, that *C.*, in such case, though the purchase were made before the act of 1843 respecting interest, might, since that act, recover from the indorser the 300 dollars paid for the note.

*Thursday,
December 4.*

ERROR to the *Dearborn* Circuit Court.

SULLIVAN, J.—Assumpsit by *Hays* against *Walker*. The declaration contains ten counts. The first nine are upon the indorsements of several promissory notes by *Walker* to *Hays;* the tenth is a count for money lent and advanced. The special counts show, that one *Baldwin* and another made and delivered to *Walker* the promissory notes mentioned in the counts; that *Walker* assigned them to *Hays*, and that *Hays* although he used due diligence by suit, &c., failed to recover from the makers. Plea, non assumpsit. The defence set up was usury. Verdict and judgment for the defendant.

The only error complained of arises upon the instructions to the jury. The instruction alleged to be erroneous is as follows, viz.: That if the makers of the notes made and delivered them to *Walker* without any consideration, that they might be indorsed by *Walker* to give them credit, and *Walker* did indorse them to enable the makers to raise money on them, and *Hays* purchased them afterwards from the makers

and indorser, knowing that they were so gotten up and for the purpose aforesaid, for the sum of 300 dollars, (the notes being for the sum of 350 dollars,) the transaction is colourable and usurious; and the plaintiff cannot recover even the amount which he paid for the notes.

*Nov. Term,*
*1845.*

The Court was correct in instructing the jury that if the facts were as above stated, the transaction would be usurious. But the Court erred in instructing the jury, that the plaintiff could not recover even the amount which he paid for the notes. The obvious meaning of the latter instruction is, that the plaintiff could not recover the principal sum loaned by him; for the amount that he paid for the notes was a loan of so much money. The instruction was given under the supposition that the 29th sect. of the act of 1843, (R. S. 1843, p. 581,) did not apply to contracts previously entered into; but this Court has heretofore decided otherwise. At the last term it was decided, in the case of *Andrews* v. *Russell et al.,* that the statute had a retrospective operation, and that it was constitutional. The instruction, according to that decision, was erroneous.

*Per .Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the plaintiff.

*E. Dumont,* for the defendant.